## NATIONAL GUILD INSURANCE COMPANY
### *v.* JOHNS

[No. 368, September Term, 1966.]

*Decided June 2, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Raymond A. Richards* and *Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Weston & Andrew; Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellant.

*Leon Shampain,* with whom were *Vaughan & Shampain* on

the brief, for Thomas Alvin Johns, one of the appellees; *Francis B. Burch, Attorney General,* and *Alfred J. O'Ferrall, III, Assistant Attorney General* on the brief for Unsatisfied Claim and Judgment Fund Board, other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

National Guild Insurance Company, appellant, filed in the Circuit Court for Prince George's County a petition for a declaration that an automobile liability insurance policy it had issued to Johns, the appellee, be declared void and inoperative and a declaration that the insurer was not obligated to investigate, settle or defend any claims asserted against Johns as a result of Johns' car colliding with the car of one Katz. The basis of National's claim was the allegation that Johns had stated in his application for the policy that he had never been convicted of a felony, whereas in truth he had been convicted of grand larceny and given a sentence of four years of which he had served a year and a half.

Johns was summoned but did not appear and a decree pro confesso, adjudging, ordering and decreeing, as usual, that because it did not appear to what relief National was entitled "the case be set down for hearing in open court for the taking of testimony to support the allegations of the Bill of Complaint," was entered on February 9, 1966. On April 25 next, trial was scheduled and National's counsel appeared with various witnesses to prove, among other things, the making by Johns of the statement that he had never been guilty of a felony, the falsity of that statement, its materiality and the fact that National would not have issued the policy had it known the true facts. The trial judge made it plain from the start that he considered it unnecessary to, and that he did not propose to, take testimony. A month later the judge filed an opinion in which he said, "In short, by his misrepresentation, Johns obtained that which would have been denied to the honest applicant," but held that Code (1957), Art. 66½, § 131 (a) (6) (F)—a part of the Maryland Motor Vehicle Financial Responsibility Act — controlled in that it provides that the liability of the insurer becomes absolute when the insurer has furnished a

policy under § 122 (a) as proof of financial responsibility and loss or damage covered by such policy occurs. It has been held that the insurer cannot then interpose as against a third person the defense of fraud or misrepresentation in the obtention of the policy. *National Indemnity Co. v. Simmons,* 230 Md. 234.

National filed a motion for rehearing in which it pointed out that the court had been under a misapprehension of the facts inasmuch as Johns had not been compelled to obtain the policy under § 122 (a) of Art. 66½ and therefore § 131 (a) (6) (F) did not apply. National relied on the rule reiterated in *Fidelity and Casualty Company v. McConnaughy,* 228 Md. 1, 8-9, that § 131 (a) (6) (F) of Art. 66½ does not apply to limit the insurer's right to defend after an accident has occurred on the ground of fraud, misrepresentation or lack of cooperation if the person involved in an automobile accident resulting in bodily injury or death or property damage of $100 or more (as specified in § 122 (a) of Art. 66½) already is properly insured as provided in § 122 (b) of Art. 66½. Despite the fact that there was no showing or reason to believe that National's claim was unsound, the trial judge adhered to his original position and holding.

National appealed from denial of the declarations it sought. Johns filed a brief, joined in by the Unsatisfied Claim and Judgment Fund Board (which has a potential liability if Johns was not insured by National) in which they at least implicitly approve a remand of the case. We agree that the decree appealed from cannot stand. The trial judge erroneously found § 131 (a) (6) (F) of Art. 66½ to control. National was free after the accident to rely on material misrepresentation as a defense to liability under its policy if it could establish such misrepresentation. *Fidelity and Casualty Company v. McConnaughy, supra,* 228 Md. 1, 9, and cases cited. It was not given an opportunity to prove its allegations that the policy had been issued on material misrepresentations made by Johns. The substantial merits of the case would not be determined by affirming, reviewing or modifying the decree appealed from and the purposes of justice will be furthered by permitting further proceedings in this

cause upon remand without affirmance or reversal, as provided by Maryland Rule 871 a. It will be so ordered.

> *Case remanded without affirmance or reversal under Maryland Rule 871 a for further proceedings not inconsistent with the opinion herein, costs to abide the result.*